UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES B. FAUST,<br>    Plaintiff,<br><br>    v.<br><br>PAUL DEFAZIO, (Officer),<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 12-11673-NMG |
| JAMES B. FAUST,<br>    Plaintiff,<br><br>    v.<br><br>M. CARBONNEAU, (Sgt. Officer),<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 12-11674-NMG |

## MEMORANDUM AND ORDER

GORTON, D.J.

### BACKGROUND

On August 27, 2012, James B. Faust ("Faust"), a prisoner at the Suffolk County House of Correction in Boston, Massachusetts and a frequent filer in this Court, filed a cover letter along with two documents purporting to be criminal complaints filed under "18 U.S.C. Chap. 73, and 1518 and 28 U.S.C.A. § 2254" as well as "18 U.S.C. Chapter-7." See Criminal Complaints (both Docket No. 1). Faust indicated that copies of these documents were sent to the United States Attorney for the District of Massachusetts.

Because this Court has no mechanism for the filing of criminal complaints by private citizens, the Clerk's Office opened these two criminal complaints as new civil actions, for administrative purposes. In the first case, Faust v. Defazio, Civil Action No. 12-11673-NMG, Faust filed a criminal complaint on a federal form AO91 -- a form used by the United States Attorney's Office -- in which he alleges that on August 17, 2012, Defendant Officer Paul

Defazio willfully and intentionally interfered with ongoing criminal and civil proceedings by the use of excessive force upon him. Faust asserts he has ongoing legal issues within the Suffolk County Sheriff's Department, and that Officer Defazio committed obstruction of justice and obstruction of a criminal investigation. In the criminal complaint form, Faust also cites to 28 U.S.C. § 2254 and includes, in the "Offense Description" section of the form "Writ of Habeas Corpus Federal Jurisdiction." Crim. Compl. at 1. No background information is provided.

In the second case, Faust v. Carbonneau, Civil Action No. 12-11674-NMG, Faust claims that Sgt. M. Carbonneau, committed an assault against him in violation of 18 U.S.C. Chapter 7 (assault by officer). He alleges that on August 17, 2012, this Defendant assaulted him by slamming him "head off a bench within a holding cell" at the Suffolk County House of Correction, in an attempt to break his hand. Crim. Compl. at 1. Again, no other background information is provided.

## DISCUSSION

Faust's actions seeking to institute criminal complaints against the Defendants must be dismissed *sua sponte*, because federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States Attorney. See e.g., United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line of cases holding that federal courts have no jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney."); Pugach v. Klein, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute).

Moreover, section 547 of title 28 states that "Except as otherwise provided by law, each

United States attorney, within his district, shall (1) prosecute all offenses against the United States." 28 U.S.C. § 547 (1).  Here, Faust does not have standing to bring these two criminal actions against Officer Defazio or Sgt. Carbonneau because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) *(per curiam)*; accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) *(per curiam)* (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); see Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).[1]

In light of this, Faust's two criminal complaints will be DISMISSED *sua sponte*.  See Kennan, 328 F.2d at 611; Cok, 876 F.2d at 2; Warfield, 184 F.R.D. at 555.

As an additional matter, to the extent that Faust is seeking some sort of habeas relief pursuant to 28 U.S.C. § 2254, he fails to set forth any plausible basis for habeas relief or any reason why he has included such a provision in his criminal complaint.  In any event, this Court will not construe this action as a habeas petition.  Should Faust seek habeas relief pursuant to 28 U.S.C. § 2254, he must file a separate habeas petition clearly setting forth his claims for relief,

---

[1] See also United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]he prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys."); In re Trustee in Bankruptcy, 173 B.R. 341, 342 (N.D. Ohio 1994) ("Neither a private person nor an attorney acting on behalf of a party to litigation ...has authority or responsibility for investigating and prosecuting alleged violations of federal criminal law.").

and he must pay the $5.00 filing fee for habeas petitions or seek a waiver thereof by filing a Motion for Leave to Proceed *in forma pauperis* along with his certified prison account statement.

Finally, to the extent that Faust is seeking to circumvent the civil process by filing criminal complaints in lieu of a civil action (and avoiding the application of the Prison Litigation Reform Act with respect to a prisoner's filing fee obligation and the administrative exhaustion requirement), he may not do so by filing criminal complaints.

## CONCLUSION

In light of the above it is hereby Ordered that:

1. Faust v. Defazio, Civil Action No. 12-11673-NMG is DISMISSED in its entirety; and

2. Faust v. Carbonneau, Civil Action No. 12-11674-NMG is DISMISSED in its entirety.[2]

SO ORDERED.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: October 17, 2012

---

[2]This Court does not deem this decision to fall within the purview of the three-strikes rule of 28 U.S.C. § 1915(g) insofar as Faust did not file his pleadings as "a civil action."